*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

REUEBEN CHRISTOPHER JENKINS,

        Defendant-Appellant.

UNPUBLISHED
August 29, 2019

No. 345606
Kent Circuit Court
LC No. 15-011472-FH

Before: GADOLA, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was convicted by jury of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b); assault by strangulation, MCL 750.84(1)(b); lying to a peace officer, MCL 750.479c(2)(c); and furnishing alcohol to a minor, MCL 436.1701(1)(a). He was originally sentenced to concurrent prison terms of 13.5 to 22.5 years (162 to 270 months) for CSC-III, 10 to 15 years for assault, 2 to 3 years for lying to a peace officer, and time served for furnishing alcohol to a minor. Defendant previously appealed his convictions and sentences. This Court affirmed defendant's convictions, but this Court remanded for resentencing. *People v Jenkins*, unpublished per curiam opinion of the Court of Appeals, issued April 24, 2018 (Docket No. 338129). On remand, the trial court resentenced defendant to 150 to 270 months' imprisonment for CSC-III and retained his original sentences for the remaining convictions, all to run concurrently. Defendant appeals his new sentences as of right. We affirm.

In its earlier opinion, this Court determined that the prosecution failed to provide enough evidence to support an assessment of 10 points for offense variable (OV) 4 (psychological injury to a victim, MCL 777.34) or 10 points for OV 10 (exploitation of a vulnerable victim, MCL 777.40). *Jenkins*, unpub op at 4. Rather, this Court held that OV 4 should have been scored at zero points, and OV 10 should have been scored at five points. *Id*. at 4-5. The reduction in total offense variable points "change[d] defendant's minimum sentencing guidelines range from 78 to 162 months to 72 to 150 months." *Id*. at 5. Because his corrected minimum sentence fell outside the new minimum range, we vacated defendant's sentences and remanded for resentencing. *Id*.

Defendant now argues that on remand the trial court imposed a disproportionate and unreasonable sentence. We note that defendant's new sentence is at the top of his recalculated sentencing guidelines range. However, his original sentence was also at the top of the sentencing guidelines range as it was then calculated. Because his sentence is within the guidelines range, and defendant "does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines," we affirm his sentence. MCL 769.34(10); *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Furthermore, defendant expressly requested a sentence within the guidelines range at the resentencing hearing. Because defendant received precisely what he requested, he has waived any objection to his new sentence. See *People v Fetterley*, 229 Mich App 511, 520; 583 NW2d 199 (1998). Defendant may not "harbor error as an appellate parachute." *Id*. Accordingly, we affirm.

Finally, even if we were to review the proportionality and reasonableness of defendant's sentence, we would find no error. A trial court must "articulate its reasons for imposing a sentence on the record at the time of sentencing" to allow for appellate review. *People v Conley*, 270 Mich App 301, 312; 715 NW2d 377 (2006). However, when a trial court imposes a sentence that falls within the minimum guidelines range, it need only indicate that it "relied on the sentencing guidelines." *Id*. at 313. The trial court here expressly stated, "I'm sentencing you within the Michigan Sentencing Guidelines." This is a sufficient articulation of its reliance. In addition, we conclude that the circumstances of this case support a sentence at the top of the guidelines. Defendant committed a violent sexual assault. The victim lost consciousness because defendant was choking him, and defendant forcibly inserted his hand and then his penis into the victim's anus. Before issuing the sentence, the trial court reviewed defendant's health issues and education level, his arrest for possession of cocaine while on bond for this case, and his prison misconduct history. Given these considerations, the sentence was reasonable and proportionate.

Affirmed.

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Amy Ronayne Krause